**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jeremiah J. Pitts,** | ) | **CASE NO. 1:24 CV 1121** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Core Civic Facility** | ) | |
| **Support Center, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Jeremiah J. Pitts filed this action against Core Civic Facility Support Center ("Core Civic") and the Lake Erie Correctional Institution ("LeCI"), complaining of conditions of confinement at LeCI. He asserts claims under the First and Eighth Amendments and seeks injunctive relief and monetary damages.

**BACKGROUND**

Plaintiff alleges that from the time he arrived at LeCI, he witnessed drug use by other inmates. He claims these inmates expose others to the fumes from these drugs and increase the potential for drug-related violence in the prison. He claims this created a hazardous environment in violation of the Eighth Amendment.

Plaintiff also claims that the prison does not provide an adequate number of dental professionals to treat all of the inmates. He claims the prison has only one part-time dentist,

1

making it difficult to receive regular dental care. He indicates that when he got his teeth cleaned, the dentist did not do an adequate job and white plaque could still be seen on his teeth. He further states that his gum line is receding, and he had decay on one of his back molars. He contends that when he received treatment, the dentist filled a tooth that was not causing him pain rather than treating the painful molar. He states that this left him with pain in teeth on both sides of his mouth. He claims that the painful molar eventually cracked due to the decay. Plaintiff alleges that the dentist who performed the work is no longer at the institution. He contends he sent numerous kites and grievances to prison officials but still has not received treatment. He claims his dental treatment has been negligent, amounting to medical malpractice and a violation of the Eighth Amendment.

Finally, Plaintiff states that he has been appealing a state court petition that was denied as untimely because it was filed one day late. He attributes the delay to the prison mail system and indicates, without explanation, that he has had other issues with mail. While he does not indicate the cause of action he is attempting to assert for this claim, the Court liberally construes it as a claim for denial of access to the courts under the First Amendment.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in

law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

The Complaint names two Defendants, Core Civic and LeCI; however, they are the same entity. Core Civic is a Nashville-based private prison company that owns and operates LeCI. The Ohio Department of Rehabilitation and Correction houses prisoners at LeCI under contract with Core Civic.

To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must prove he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Because Core Civic performs a traditional state function in operating

a state prison, Core Civic acts under the color of state law. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Unlike the state, however, Core Civic is not entitled to Eleventh Amendment immunity and may be liable under § 1983. *O'Brien v. Mich. Dep't of Corr.*, 592 Fed. Appx. 338, 341 (6th Cir. 2014); *see also Mason v. Doe*, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

Two of Plaintiff's claims against Core Civic assert violations of the Eighth Amendment. The Eighth Amendment forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). In order to establish an Eighth Amendment claim, the Plaintiff must satisfy a two-prong test by showing that: (1) the deprivation alleged was objectively serious; and (2) the official responsible for the deprivation exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To establish the objective component, the Plaintiff must plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Routine discomforts of prison life do not suffice. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute serious threats to the inmate's health or safety but does not address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Id.* at 9-10. Only deliberate indifference to serious medical

needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. at 9.

As for the subjective element, the Plaintiff must allege facts showing the prison official acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*.

Satisfying the subjective element for claims against Core Civic is complicated by the fact that § 1983 does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). This means that Plaintiff cannot rest his claims against Core Civic on the actions of LeCI officers or employees. Instead, Core Civic can only be held liable for its own wrong-doing. A corporation or government entity acts through its official policies and customs. Therefore, in order for Core Civic to be held liable, Plaintiff must allege facts to: (1) identify the policy or custom; (2) connect the policy or custom to Core Civic; (3) suggest Core Civic's policy makers acted with deliberate indifference towards the constitutional rights of persons affected by the policy or custom; and (4) show that he personally sustained injuries as a result of that policy or custom. *City of Canton v. Harris*, 489 U.S. 378, 387-88 (1989); *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

Plaintiff first claims in general terms that he has witnessed an excessive amount of drug use in the prison, that prisoners have been exposed to the fumes from these drugs, and there has been an increased potential for drug-related violence. As an initial matter, Plaintiff does not identify a particular policy or custom of Core Civic that he believes to be at issue, nor does he allege that he personally sustained any injuries because of a policy or custom.

5

Absent those allegations, Plaintiff failed to allege facts to satisfy the subjective element of this Eighth Amendment claim against Core Civic.

Plaintiff next claims that he did not receive adequate dental care. He indicates that the dentist works part time, that the former dentist filled a tooth other than the tooth he wanted to be filled and caused him to experience additional discomfort. He contends this amounted to malpractice and a violation of the Eighth Amendment. While dental care may present an objectively serious condition in some instances to satisfy the objective element of the Eighth Amendment, Plaintiff does not allege any wrongdoing by Core Civic in the form of a custom or policy. He cannot proceed with this claim against Core Civic.

Finally, Plaintiff alleges an appeal of a petition was denied by the state court as untimely because it was filed one day beyond the deadline. Although this claim would arise under the First Amendment rather than the Eighth Amendment, the principles prohibiting *respondeat superior* liability under § 1983 still apply. Plaintiff claims the delay was caused by the prison mail staff. He does not identify a custom or policy of Core Civic which may have caused the delay. Consequently, he fails to state a claim under the First Amendment against Core Civic.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                              s/*Pamela A. Barker*
                                              PAMELA A. BARKER
Date: September 18, 2024          U. S. DISTRICT JUDGE